Sandra K. McBeth (138697)
A Professional Law Corporation
7343 El Camino Real, #185
Atascadero, CA 93422
(805) 464-2959
(805)357-5905 (fax)
smcbeth@mcbethlegal.com

Attorney for Sandra K. McBeth
　　Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| PATRICK JAMES DENNIS,<br><br>　　　　Debtor. | Case No. 9:17-BK-11830-DS<br>Chapter 7<br><br>**MOTION AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH RANDALL FOX AND ATLANTA FOUNDATION FOR PUBLIC SPACES, LLC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA K. MCBETH**<br><br>[NO HEARING REQUIRED]<br>[FRBP 9019;LBR 9019-1 AND 9013-1(o)] |

TO THE HONORABLE DEBORAH J. SALTZMAN, U.S. BANKRUPTCY JUDGE, DEBTOR, ALL CREDITORS AND PARTIES IN INTEREST:

　　Sandra K. McBeth, the duly appointed, qualified and acting Chapter 7 Trustee in the above entitled matter (hereinafter "Trustee") hereby moves this Court for an order approving the compromise and settlement of the controversy with Randall Fox and Atlanta Foundation For Public Spaces, LLC. (hereinafter "Fox/AFFPS") as reflected in both Adversary Case No. 9:18-AP-01001-DS, specifically limited to the Counterclaim

1

filed by the Debtor in that matter, as well as with regard to title and ownership of a 2003 Land Rover, Range Rover on the terms and conditions more specifically set forth in the Settlement Agreement and Release, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. This motion is based upon the Memorandum of Points and Authorities and the Declaration of Sandra K. McBeth submitted herewith, the Notice provided to all necessary parties and the documents and pleadings on file herein.

Pursuant to Local Rule 9013-1(o), and as set forth in the Notice Of Opportunity To Request A Hearing On Motion filed and served herewith, if no objection to this motion is filed with the Court and served upon the Trustee and his counsel within 14 days of the date of this notice, or if no request for hearing is made during that time period, an order may be entered by the Court approving the compromise as described in the Motion.

Date: April 26, 2018

Sandra K. McBeth
Attorney for Sandra K. McBeth
Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### STATEMENT OF FACTS

Debtor Patrick James Dennis (hereinafter "Debtor") commenced this Chapter 7 proceeding by the filing of a voluntary petition on October 6, 2017. Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee.

Prior to the commencement of the bankruptcy case, Fox/AFFPS obtained a summary judgment against Debtor in sums in excess of $100,000.00 in the Superior Court of Fulton County, State of Georgia, based upon Debtor's prior ownership in and operation of AFFPS, as well as a prior relationship between Fox and Debtor. On January 11, 2018, Fox/AFFPS filed an adversary proceeding against Debtor, alleging claims for relief under 11 U.S.C. §523 and §727 based upon the findings on summary judgment. Debtor filed an Answer to this Complaint, along with a Counterclaim alleging an offset of the sums owed (which was duly scheduled in his Chapter 7 schedules) as well as a claim for declaratory relief with regard to Debtor's rights under the Operating Agreement for AFFPS. The claims asserted in the Counterclaim are property of the estate pursuant to 11 U.S.C. §541. Fox/AFFPS thereafter filed a motion to dismiss the Counterclaim on the grounds Debtor lacked standing to bring the action since it was property of the estate. The Trustee has filed an opposition to the motion to dismiss, Debtor has conceded that the Counterclaim is property of the estate unless and until abandoned, and the Trustee proceeded to negotiate this settlement with Fox/AFFPS.

A further part of this settlement is the Fox/AFFPS claim to rightful title to the 2003 Land Rover Range Rover identified in the Debtor's schedules. The vehicle remained registered in Debtor's name, although Fox/AFFPS has paid for all maintenance, operational and other expenses of the vehicle, and pursuant to a prior agreement, was to have obtained title, but never did. The Trustee has agreed to transfer title to the vehicle as a part of this settlement.

The Settlement Agreement and Release (Exhibit "A") provides that in exchange for payment of the sum of $10,000.00, receipt of which is acknowledged by the Trustee, the bankruptcy estate will 1)dismiss the Counterclaim; 2)transfer Debtor's interest, if any, free and clear of any liens or claims in AFFPS; and 3)transfer title to Fox/AFFPS of the 2003 Land Rover Range Rover.

## II.

## THE PROPOSED SETTLEMENT IS IN THE BEST INTERESTS OF THE ESTATE AND CREDITORS AND SHOULD BE APPROVED BY THIS COURT

A bankruptcy court may, within its discretion, approve a compromise that is reasonable and in the best interests of the estate, as provided in FRBP 9019(a). See *In re A&C Properties*, 784F.2d 1377, 1381 (9th Cir. 1986); *In re Walsh Construction, Inc.* 669 F2.d 1325(9th Cir. 1982). Certain factors have been stated by the Courts when considering a compromise agreement, such as the following:

    a.    The probability of success in litigation;

    b.    The difficulty, if any, to be encountered in the matter of collection;

    c.    The complexity of the litigation involved, and the expenses, inconvenience and delay necessary attending it; and

d.  The paramount interest of the creditors and a proper deference to their reasonable views. See *In re Woodson*, 839 F.2d 610 (9th Cir. 1988).

Application of these factors to the present case demonstrates that the compromise should be approved as it is in the best interests of the estate and its creditors.

A.

PROBABILITY OF SUCCESS ON THE MERITS

The Trustee is somewhat confident she would be successful in the offset argument raised in the Counterclaim, but based upon her review of the books and records of AFFPS, the underlying State Court documents and the facts available to her, she does not believe the estate would realize any financial benefit if she was successful. Any interest of the Debtor and estate in AFFPS appears to be minimal and success on the merits of this claim are questionable. Fox/AFFPS are the largest, by far, scheduled creditors in this matter so the benefit to any others would be minimal. Further, there is always a risk in taking such a claim to trial, especially in light of the prior findings in the State Court.

The marketing and sale of a 2003 Land Rover may not be successful, as it is difficult and expensive to administer one older vehicle in a Chapter 7 setting.

B.

DIFFICULTY IN COLLECTING

The Trustee does believe there may be some difficulty in collecting, if in fact there was a net award to the estate, in light of the review of the books, records and valuation of AFFPS. The action sought offset and declaratory relief only, and if the estate were found to own a percentage of AFFPS, it does not appear to the Trustee this asset would provide any reasonable return to the estate.

C.

COMPLEXITY, EXPENSE, INCONVENIENCE AND DELAY

The key factor here is delay and expense. Litigating such a claim as raised in the Counterclaim would be costly and take substantial time. The estate, by way of this settlement, is not resolving the underlying claims raised in the Complaint, only those raised in

5

the Counterclaim. Financial experts and testimony with regard to years of business operations, and other such matters does not appear to be cost effective in light of the claims raised in the Counterclaim for an offset and determination of ownership.

D.

INTEREST OF THE CREDITORS

The settlement provides for payment of the funds immediately to the estate without the continued expense of litigation, and in fact, the settlement amount has been received. The Trustee is currently marketing a piece of real property so it is anticipated there will be additional funds to the estate. Fox/AFFPS are by far the largest and primary creditors in this case, so their interests are also protected. In light of the amount at issue in this case, the settlement is reasonable and will allow avoid an increase to the administrative expenses, thereby increasing a return to unsecured creditors.

As stated in the Declaration of Sandra K. McBeth submitted herewith, the Trustee believes this compromise is in the best interest of the estate and its creditors. It is respectfully requested this compromise and settlement be approved. In the event this settlement is not approved, the Trustee requests authority to return the $10,000.00 to Fox/AFFPS and the parties will proceed to litigate the matter.

Date: April 26, 2018

/s/ Sandra K. McBeth
Sandra K. McBeth
Attorney for Sandra K. McBeth
Chapter 7 Trustee

6

## DECLARATION OF SANDRA K. MCBETH

I, SANDRA K. MCBETH, DECLARE AND SAY:

1. I am the duly appointed, qualified and acting Chapter 7 Trustee in the above-entitled case. Debtor filed this proceeding on October 6, 2017.

2. I examined the Debtor on at least two occasions, and inquired about his interest in and scheduled claim against Fox/AFFPS. I was also provided a copy of the Summary Judgment obtained by Fox/AFFPS in the Georgia State Court. The claims was scheduled as an offset against the sums awarded in the matter to Fox/AFFPS, as well as a claimed ownership interest in AFFPS.

3. I was also provided with documents to indicate that the Debtor maintained legal title to the 2003 Land Rover Range Rover, and the schedules were amended accordingly.

4. Fox/AFFPS filed an adversary proceeding against the Debtor, seeking to object to the discharge of their debt (the claim resolved on summary judgment in Georgia) as well as an objection to the overall discharge of this Debtor, on January 11, 2018, Case No. 9:18-AP-01001-DS. In response, Debtor filed an Answer, along with a Counterclaim alleging the offset and seeking declaratory relief in the form of confirming his ownership interest in AFFPS. I believed the Counterclaim belonged to the bankruptcy estate, filed an opposition to the motion to dismiss and requested the motion be continued so that this settlement could be finalized. I obtained financial records of AFFPS from Fox/AFFPS, along with discussions with counsel, documents the Debtor had provided and his testimony, and believed resolution of the Counterclaim, with the estate receiving $10,000.00 was reasonable in light of the claims raised. The costs to litigate the offset would be excessive and not provide any return to the estate, and the value of any interest in AFFPS appeared to be minimal in light of the costs to litigate.

5. I was also provided the documentation with regard to the Land Rover, and evidence that Fox/AFFPS had continued to pay all costs of maintenance and operation, likely exceeding the true value of the vehicle itself.

6. Based on the foregoing, I reached an agreement with Fox/AFFPS for the payment of $10,000.00 to the estate in exchange for the dismissal of the Counterclaim, transfer of title to the Land Rover and the transfer of the Debtor's interest, if any, in AFFPS. I am not confident the Debtor has an interest in AFFPS any longer.

7. I have employed a realtor and am working on the liquidation of the Debtor's residence in this case, and believe there will be other funds into the estate, other than this settlement.

8. I believe this compromise is in the best interests of the creditors of this estate, and in my judgment, is a reasonable resolution to this matter. I am in receipt of the sum of $10,000.00. In the event the Court does not approve this settlement, I request the Court authorize me to return the $10,000.00 to Fox/AFFPS.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26 day of April, 2018 at Atascadero, CA.

_Sandra K. McBeth_
Sandra K. McBeth

8

# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of April __ 2018 (the "Effective Date") by and between Sandra K. McBeth, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Patrick James Dennis. (the "Debtor"), on the one hand, and Randall Fox and Atlanta Foundation For Public Spaces, LLC, a Georgia limited liability Company ("Fox and AFFPS"), on the other (the Trustee and Fox/AFFPS are sometimes singularly referred to as "Party" and are collectively referred to as the "Parties"), with reference to the following facts.

## RECITALS

A. The Trustee is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Patrick James Dennis (the "Bankruptcy Estate") in Bankruptcy Case No. 9:17-BK-11830-DS (the "Bankruptcy Case"), which was filed on October 6, 2017 (the "(Petition Date"), and is pending, in the United States Bankruptcy Court, Central District of California – Northern Division (the "Bankruptcy Court").

B. Debtor included in his schedule of assets, at items 19, 34 and 35 his claims against AFFPS and his rights to ownership in the limited liability, as well as his claim of offset to the judgment Fox and AFFPS had obtained against Debtor pre-petition, with a total value of $40,000.00.

C. On or about August 18, 2017, Fox and AFFPS obtained a summary judgment against the Debtor in sums in excess of $100,000.00 in the Superior Court of Fulton County, State of Georgia.

D. On January 11, 2018, Fox and AFFPS filed an adversary proceeding against the Debtor, alleging claims for relief under 11 U.S.C. §523 and §727, to deny the discharge of the debt owing them and to deny the overall discharge. Debtor filed his Answer on February 12, 2018, along with a Counterclaim alleging the offset identified in his schedules and a claim for declaratory relief with regard to Debtor's rights under the LLC operating agreement.

E. Fox and AFFPS thereafter filed a motion to dismiss the Counterclaim on the basis of Debtor's lack of standing to bring the Counterclaim, that the claim was property of the bankruptcy estate. The Trustee filed a response to this motion, agreeing that she had standing to maintain the claim and requesting a short continuance so as to try to resolve the matter without the need to litigate.

F. Debtor also listed in his schedules, as amended, his interest in a 2003 Land Rover, Range Rover, although the same was allegedly transferred to AFFPS. Title to the vehicle is still in the Debtor's name, and AFFPS would like to obtain title as the vehicle is in its possession and has been maintained by AFFPS for some time. The vehicle bears VIN SALME11433A132414.

G. Fox would also like to acquire the Debtor's interest, if any, free and clear of any liens or claims, in AFFPS, although disputes that the Debtor currently holds an interest in the limited liability company. Debtor scheduled a 50% interest therein.



H.  The Trustee on the one hand, and Fox and AFFPS on the other, through their respective counsel, engaged in arms-length settlement negotiations regarding the Bankruptcy Estate's interest in the Counterclaim, the membership in AFFPS and the 2003 Land Rover Range Rover described herein, and now wish to avoid the expense, delay, risk and uncertainty of continued litigation by resolving, settling and compromising any and all claims arising from those issues. This Agreement is not intended as an admission by either the Trustee, or Fox/AFFPS concerning any facts, law or liability raised by either Party concerning the issues raised herein, nor is this Agreement intended to resolve, in any way, the claims Fox and AFFPS have brought against the Debtor under 11 U.S.C. §523 and §727. The Parties are entering into this settlement to buy their peace.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this Agreement agree as follows:

1.  Fox and AFFPS will pay the Trustee $10,000.00, contemporaneously with their execution of this Agreement (the "Settlement Payment").

2.  The Trustee will deposit the Settlement Payment in the Bankruptcy Estate's account and the Bankruptcy Estate shall not be entitled to those funds until fourteen (14) days after the entry of a final order by the Bankruptcy Court approving this Agreement (the "Approval Date").

3.  The Trustee, will as soon as reasonably possible after receipt of the funds reflected in paragraph 1, prepare and file a motion to approve this agreement with the Bankruptcy Court under FRBP 9019 and LBR 9019-1.

4.  The Parties will take the following actions within ten (10) business days after the Approval Date: (a) the Parties will prepare and file a stipulation for the dismissal of the Counterclaim, with each side bearing their own attorney's fees and costs; (b) counsel for Fox and AFFPS will provide to the Trustee all documentation necessary to transfer title to the 2003 Range Rover Land Rover and she will execute the same; and (c) counsel for Fox and AFFPS will provide to the Trustee all documentation necessary to transfer Debtor's interest in AFFPS to Fox, and the Trustee will execute the same.

5.  If the Bankruptcy Court does not approve this Agreement, the Trustee shall forthwith return the Settlement Payment to Fox and AFFPS, and this Agreement will be of no force or effect.

6.  Subject to the performance of Fox and AFFPS under the terms of this Agreement, and excepting the obligations of Fox and AFFPS under this Agreement, the Trustee, for the bankruptcy estate of Patrick Dennis, and for herself and for her employees, officers, directors, affiliates, predecessors, successors, assigns, agents, attorneys and representatives, hereby releases and forever discharges Fox and AFFPS and without limitation, whether or not signatories hereto, their heirs, predecessors, successors, assigns, agents, attorneys, insurers, independent contractors, employees, parents, subsidiaries, affiliates and representatives (the "Fox/AFFPS Released



Parties") from any and all past or present allegations, claims, demands, obligations, causes of action, suits, debts, liens, liabilities, damages, losses and expenses of any kind or character, whether known or unknown, including but not limited to the allegations and claims associated with the Counterclaim, which existed as of the Effective Date of this Agreement. This release is a general release and includes, but is not limited to, all the claims asserted, or that could have been asserted against Fox and AFFPS by the Trustee.

7.   Subject to the performance of the Trustee, under the terms of this Agreement, and excepting the obligations of the Trustee under this Agreement, Fox and AFFPS, for themselves and their heirs, predecessors, successors, assigns, agents, attorneys, insurers, and representatives, hereby release and forever discharge the Trustee and the Bankruptcy Estate (the "Trustee Released Parties"), and without limitation, whether or not signatories hereto, their predecessors, successors, assigns, agents, attorneys, insurers, independent contractors, employees, parents, subsidiaries, affiliates and representatives, from any and all past or present allegations, claims, demands, obligations, causes of action, suits, debts, liens, liabilities, damages, losses and expenses of any kind or character, whether known or unknown, including but not limited to the allegations and claims associated with the Counterclaim, which existed as of the Effective Date of this Agreement. This release is a general release and includes, but is not limited to, all the claims asserted, or that could have been asserted, against the Trustee Released Parties.

8.   Except as set forth in this Agreement, the foregoing releases are full and complete general releases of all allegations, claims, demands, causes of action, suits, debts, liens, liabilities, damages, losses and expenses of any kind or character, and are intended to encompass all allegations and claims known and unknown, foreseen and unforeseen. Accordingly, the Parties hereby expressly waive and relinquish any and all rights and benefits which they may otherwise have pursuant to California Civil Code § 1542, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true, and they hereby expressly agree to assume the risk of the possible discovery of additional or different facts, and agree that this Agreement shall be, and remain, effective in all respects regardless of such additional or different facts.

9.   The releases provided for in this Agreement do not apply to anyone other than the Fox/AFFPS Released Parties, and the Trustee Released Parties.

10.   The Parties represent and warrant that each Party is the sole and lawful owner of all right, title and interest in and to each and every claim or other matter which each Party releases herein, and that each Party has not heretofore assigned or transferred, or purported to assign or transfer, to any individual, partnership, corporation, firm, estate, or entity any claim or other matters released

-3-



herein. Each Party shall hold harmless the other Party against any and all claims based upon or arising out of or in connection with any prior assignment or transfer, or purported assignment or transfer, of any claims or matters released herein.

11. This Agreement constitutes the final and entire agreement between the Parties pertaining to the subject matter hereof. Each of the Parties further acknowledge that they have entered into this Agreement voluntarily, based on their own judgment and without coercion, and have not relied on any representation, expressed or implied, other than those contained in this Agreement, from any other Party. There are no warranties, representations or other agreements (either written or oral) between the Parties except as expressly set forth herein. No supplementation, modification, waiver or termination of this Agreement shall be binding unless reduced to writing and signed by a duly authorized representative of the Party to be bound thereby.

12. Each of the Parties hereto shall execute and deliver whatever documents and instruments may be necessary and appropriate to effectuate the terms hereof.

13. This Agreement may be executed in counterparts and, as so executed, shall constitute one agreement binding on all parties. Also, a facsimile copy of this Agreement shall be deemed to be an original. This Agreement may be signed by facsimile and shall be final at that time, even though the Parties anticipate collecting original signatures for their respective files. All of the signatories hereto warrant and represents that he or she is competent and authorized to enter into this Agreement on behalf of the party for whom he or she purports to sign.

14. This Agreement shall inure to the benefit of, and shall be binding upon, all respective successors and assigns of the Parties hereto.

15. The Parties hereto have had the opportunity to seek the advice of independent counsel of their own choice throughout the negotiations which preceded execution of this Agreement. This Agreement shall be construed fairly as to all Parties and not in favor of or against one or more of the Parties, regardless of which Party prepared this Agreement, and the Parties hereby waive California Civil Code § 1654.

16. This Agreement is intended to be fully enforceable under Code of Civil Procedure section 664.6.

17. This Agreement is made and entered into in the State of California, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of California.

18. Any dispute relating to this Agreement shall be resolved in the Bankruptcy Court and the Parties waive the right to a jury trial.

19. Each Party shall bear their own attorneys' fees and costs. However, the Parties agree that in the event of any action between any of the Parties that is required to enforce or defend this Agreement, the prevailing party as that term is defined by California Civil Code § 1717, shall be entitled to an award of his or her attorneys' fees, costs, and expenses incurred in connection with the

RF/AF
4/10/18

enforcement or defense of this Agreement, in addition to any other damages it may suffer as a result of the violation or breach of this Agreement, and other relief to which it may be entitled.

20. If any provision or any part of any provision of this Agreement is held to be invalid, unenforceable or contrary to any policy, law, statute, and/or ordinance, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date, stated above, as follows:

_____
SANDRA K. MCBETH, Chapter 7 trustee

_____
RANDALL FOX

_____
ATLANTA FOUNDATION FOR PUBLIC SPACES, LLC
BY:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
7343 El Camino Real #185, Atascadero CA 93422

A true and correct copy of the foregoing document described **MOTION AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH RANDALL FOX AND ATLANTA FOUNDATION FOR PUBLIC SPACES, LLC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA K. MCBETH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 26, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
Joseph Bussone Attorney for Debtor    jdbussone@gmail.com
Will Geer c/o Karen Grant    kgrant@silcom.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 26, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Patrick James Dennis
999 Suffolk Street
Cambria, CA 93428

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 26, 2018 | Donna Earnest | /s/ Donna Earnest |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**